UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF FLORIDA

MIAMI-DADE DIVISION

Case Number: 1:26-cv-23861

ADRIAN GAMEZ

       Plaintiff,

vs.

VEVOR STORE LLC;
VEVOR TECHNOLOGY LLC;
SANVEN CORPORATION; and
SANVEN TECHNOLOGY LTD.

       Defendants.

_____/

**COMPLAINT**

COMES NOW, the Plaintiff, ADRIAN GAMEZ, by and through their undersigned attorneys, and sues the Defendants, VEVOR STORE LLC; VEVOR TECHNOLOGY LLC; SANVEN CORPORATION; and SANVEN TECHNOLOGY LTD., and for this cause of action states:

**PARTIES & JURISDICTION**

1. At all times material hereto, the Plaintiff, ADRIAN GAMEZ, was a resident of Miami-Dade County, Florida and is otherwise *sui juris*.

2. At all times material hereto, Defendant, VEVOR STORE LLC, was a California for-profit corporation registered with the California Secretary of State, with a principal place of

1

business at 9166 ANAHEIM PL 250 RANCHO CUCAMONGA, CA 91730.

3.      At all times material hereto, Defendant, VEVOR TECHNOLOGY LLC, was a California for-profit corporation registered with the California Secretary of State, with a principal place of business at 9166 ANAHEIM PL 250 RANCHO CUCAMONGA, CA 91730.

4.      At all times material hereto, Defendant, SANVEN CORPORATION, was a California for-profit corporation registered with the California Secretary of State, with a principal place of business at 9166 ANAHEIM PL 250 RANCHO CUCAMONGA, CA 91730.

5.      At all times material hereto, Defendant, SANVEN TECHNOLOGY LTD, was a California for-profit corporation registered with the California Secretary of State, with a principal place of business at 9166 ANAHEIM PL 250 RANCHO CUCAMONGA, CA 91730.

6.      This Court has subject matter jurisdiction under 28 U.S.C. § 1332(a) because the amount in controversy exceeds $75,000 exclusive of interest and costs, and there is complete diversity of citizenship between Plaintiff and each Defendant.

7.      Personal jurisdiction exists over each Defendant because Defendants, directly or through their agents, regularly conduct, solicit, and transact business in Florida, including selling products into Florida via interactive websites, placing products into the stream of commerce with the expectation it would be used in Florida, and committing tortious acts that caused injury in Florida.

8.      Venue is proper in the Southern District of Florida under 28 U.S.C. § 1391(b)(2) because a substantial part of the events or omissions giving rise to the claims occurred in this District, including Plaintiff's purchase, receipt, assembly, and injury in Miami-Dade County, Florida.

2

## GENERAL FACTUAL ALLEGATIONS

9. On or about June 2nd, 2024, Plaintiff was assisting in the assembly of a pergola in accordance with the instructions and foreseeable use, when one of the supporting steel brackets suddenly fractured/snapped. The pergola and supporting brackets were purchased from the VEVOR website.

10. As a direct result of the bracket failure, Plaintiff suffered a right biceps tendon rupture and other injuries, requiring medical care and causing pain and suffering, loss of bodily function, diminished quality of life, and other damages.

11. At the time of the incident, the pergola and bracket were in substantially the same condition as when sold and left Defendants' control, had not been materially altered or misused, and were being used in a reasonably foreseeable manner.

12. Plaintiff assembled the product in accordance with the instructions and foreseeable expectations for such a product.

13. The Defendants designed, manufactured, sourced component parts for, labeled, marketed, distributed, and/or sold the pergola and its brackets, including by sale via website to Florida consumers. Defendants have been identified in prior pleadings as entities that designed, manufactured, marketed, and/or distributed related VEVOR-branded products.

## COUNT I
## STRICT PROCUCTS LIABILITY AS TO ALL DEFENDNATS

Plaintiffs incorporate by reference the allegations contained in paragraphs 1-13 as though said allegations are set forth fully herein.

14. The pergola and its supporting steel bracket contained a manufacturing defect that deviated from Defendants' intended design and specifications, rendering it unreasonably dangerous when it left Defendants' control.

3

15.     The manufacturing defect was a proximate and legal cause of the bracket failure and Plaintiff's injuries.

16.     The pergola and supporting bracket were defectively designed, creating an unreasonable risk of failure during foreseeable assembly and use.

17.     The design defect was a proximate and legal cause of Plaintiff's injuries and damages.

18.     Defendants failed to provide adequate warnings or instructions regarding hazards associated with the supporting bracket, including risk of fracture during assembly and necessary precautions, tools, torque limits, load ratings, inspection steps, or replacement criteria.

19.     The inadequate warnings rendered the product unreasonably dangerous and were a proximate and legal cause of Plaintiff's injuries.

20.     As a direct and proximate result of all Defendants negligent acts and/or omissions, the Plaintiff, ADRIAN GAMEZ, suffered bodily injury resulting in pain and suffering, permanent aggravation of a pre-existing condition, disfigurement, disability, mental anguish, loss of the capacity for the enjoyment of life, expenses of hospitalization, and medical and nursing care and treatment. These losses are either permanent or continuing in nature, and the Plaintiff, ADRIAN GAMEZ, will suffer these losses in the future.

WHEREFORE, Plaintiff, ADRIAN GAMEZ, demands judgment from all Defendants for all damages, together with costs, interest, and such other further relief as this Court deems just and proper.

## COUNT II
## NEGLIGENCE CLAIM AS TO ALL DEFENDANTS

Plaintiffs incorporate by reference the allegations contained in paragraphs 1-13 as though said allegations are set forth fully herein.

21.     Defendants owed duties to design, manufacture, test, inspect, label, warn, market, and distribute the pergola and brackets using reasonable care.

22.     Defendants breached their duties by, among other things: negligently designing the bracket; failing to implement adequate quality control and materials specifications; failing to test and inspect; failing to warn of foreseeable assembly and load risks; and marketing the product without adequate safety information.

23.     Defendants' negligence was a proximate and legal cause of the incident and Plaintiff's injuries.

24.     As a direct and proximate result of all Defendant's negligent acts and/or omissions, Plaintiff, ADRIAN GAMEZ, suffered bodily injury resulting in pain and suffering, permanent aggravation of a pre-existing condition, disfigurement, disability, mental anguish, loss of the capacity for the enjoyment of life, expenses of hospitalization, and medical and nursing care and treatment. These losses are either permanent or continuing in nature, and the Plaintiff, ADRIAN GAMEZ, will suffer these losses in the future.

WHEREFORE, Plaintiff, ADRIAN GAMEZ, demands judgment from all Defendants for all damages, together with costs, interest, and such other further relief as this Court deems just and proper.

5

## COUNT III
## BREACH OF IMPLIED WARRANTY OF MERCHANTABILITY
## AS TO ALL DEFENDANTS

Plaintiffs incorporate by reference the allegations contained in paragraphs 1-13 as though said allegations are set forth fully herein.

25.     Defendants, as merchants of goods of this kind, impliedly warranted that the pergola and brackets were of merchantable quality and fit for ordinary purposes.

26.     The pergola and brackets were not of merchantable quality because one of the brackets failed during ordinary and foreseeable assembly, rendering the product unfit for its ordinary purpose.

27.     Plaintiff provided or will provide reasonable notice of breach to Defendants.

28.     As a direct and proximate result of all Defendant's breaches, Plaintiff, ADRIAN GAMEZ, suffered bodily injury resulting in pain and suffering, permanent aggravation of a pre-existing condition, disfigurement, disability, mental anguish, loss of the capacity for the enjoyment of life, expenses of hospitalization, and medical and nursing care and treatment.  These losses are either permanent or continuing in nature, and the Plaintiff, ADRIAN GAMEZ, will suffer these losses in the future.

WHEREFORE, Plaintiff, ADRIAN GAMEZ, demands judgment from all Defendants for all damages, together with costs, interest, and such other further relief as this Court deems just and proper.

## COUNT IV.
## BREACH OF IMPLIED WARRANTY OF FITNESS FOR A PARTICULAR PURPOSE AS TO ALL DEFENDANTS

Plaintiffs incorporate by reference the allegations contained in paragraphs 1-13 as though said allegations are set forth fully herein.

29.    Defendants had reason to know the particular purpose for which Plaintiff required the pergola *(outdoor residential pergola assembly and use)* and that Plaintiff relied on Defendants' skill or judgment to furnish suitable goods.

30.    The pergola and brackets were not fit for that particular purpose.

31.    As a direct and proximate result of all Defendant's breaches, Plaintiff, ADRIAN GAMEZ, suffered bodily injury resulting in pain and suffering, permanent aggravation of a pre-existing condition, disfigurement, disability, mental anguish, loss of the capacity for the enjoyment of life, expenses of hospitalization, and medical and nursing care and treatment.  These losses are either permanent or continuing in nature, and the Plaintiff, ADRIAN GAMEZ, will suffer these losses in the future.

WHEREFORE, Plaintiff, ADRIAN GAMEZ, demands judgment from all Defendants for all damages, together with costs, interest, and such other further relief as this Court deems just and proper.

## PRESERVATION OF EVIDENCE

Plaintiff demands that Defendants preserve and maintain all evidence pertaining to any claim or defense related to the product and the sale of the product in question including component specifications, quality records, design files, testing, supplier records, warnings,

7

instructions, marketing, websites, transactional data, customer complaints, returns, and communications.

## RESERVATION OF RIGHTS

Plaintiff reserves the right to amend to add additional responsible parties, theories, and remedies as discovery progresses.

## DEMAND FOR JURY TRIAL

The Plaintiff demands a trial by jury of all issues so triable for all counts.

Respectfully dated and submitted on June 2nd, 2026

By: /s/  *Alberto M. Lara*  .
ALBERTO M. LARA, ESQ.
(FBN 1002342)
The Pendas Law Firm
2332 Galiano Street, Suite 205
Coral Gables, Florida 33134
Telephone: 786-930-4447
Facsimile: 561-425-9766
Primary:southflapleadings@pendaslaw.com
Second: alara@pendaslaw.com
Third: fdiaz@pendaslaw.com
Attorneys for the Plaintiff

8